IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAIHO PHARMACEUTICAL CO., LTD. and TAIHO ONCOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACCORD HEALTHCARE INC., <br><br> Defendant. | Civil Action No. 21-0838-CFC <br> ANDA CASE |
| TAIHO PHARMACEUTICAL CO., LTD. and TAIHO ONCOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATCO PHARMA LTD. and NATCO PHARMA, INC., <br><br> Defendants. | Civil Action No. 22-1480-CFC <br> ANDA CASE |

TAIHO PHARMACEUTICAL CO.,
LTD. and TAIHO ONCOLOGY, INC.,

           Plaintiffs,

           v.

EUGIA PHARMA SPECIALITIES
LTD., AUROBINDO PHARMA LTD.,
and AUROBINDO PHARMA U.S.A.,
INC.,

           Defendants.

Civil Action No. 22-1611-CFC
ANDA CASE

---

TAIHO PHARMACEUTICAL CO.,
LTD. and TAIHO ONCOLOGY, INC.,

           Plaintiffs,

           v.

MSN LABORATORIES PRIVATE
LTD. and MSN PHARMACEUTICALS
INC.,

           Defendants.

Civil Action No. 23-0008-CFC
ANDA CASE

## SCHEDULING ORDER

This _2th_ day of _February_____, 2023, the Court having

conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule

2

16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Caption Modification</u>. The Caption shall be modified to include the words "ANDA CASE" immediately below the Civil Action Number.

2. <u>Consolidation</u>. The above-captioned cases are consolidated for all purposes including discovery, *Markman* proceedings, and trial. Civil Action No. 21-0838-CFC shall be the lead case and all future filings shall be made in Lead Case No. 21-0838-CFC only.

3. <u>Relevant Deadlines and Dates</u>.  All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A. The expiration date(s) of any applicable 30-month period(s) imposed pursuant to 21 U.S.C. § 355G)(5)(B)(iii) are set forth in the first row(s) of the chart.

4. <u>Completion of Pleadings</u>. On or before March 15, 2023, Accord Healthcare Inc. shall respond to the complaint filed in C.A. No. 21-0838-CFC and MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. shall respond to the complaint filed in C.A. No. 23-0008-CFC.

5. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of

Civil Procedure 26(a)(1) within five days of the date of this Order.  Each

Defendant Group[1] shall produce copies of all correspondence between itself and

FDA pertaining to the ANDA in a timely manner consistent with Rule 26(e).

      6.    <u>Production of the ANDA(s) and/or NDA(s).</u>  As required by the

Court's Standing Order Regarding Hatch-Waxman Cases in Which Infringement is

Alleged, upon the filing of a responsive pleading to the Complaint, Defendant(s)

shall produce to Plaintiff(s) the entire Abbreviated New Drug Application(s) or

New Drug Application(s) that is(are) the basis of the alleged infringement.

      7.    <u>Preliminary Disclosure of Asserted Claims</u>. No later than April 10,

2023, Taiho[2] shall serve each Defendant Group with a "Preliminary Disclosure of

Asserted Claims" that lists each claim of each patent alleged to be infringed by that

Defendant Group, including for each claim the applicable statutory subsections of

35 U.S.C. § 271 asserted. Unless otherwise agreed to by the parties, Taiho may

assert no more than ten claims of any one patent and no more than 32 claims in

total against any one Defendant Group. Taiho shall produce with the Preliminary

---

[1] The "Defendant Groups" are: (1) Defendants Eugia Pharma Specialities Ltd., Aurobindo Pharma Ltd., and Aurobindo Pharma U.S.A., Inc.; (2) Accord Healthcare Inc.; (3) MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc.; and (4) Natco Pharma Ltd. and Natco Pharma, Inc.

[2] "Taiho" refers to Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc.

Disclosure of Asserted Claims a copy of the file history for each asserted patent, all documents evidencing ownership of the asserted patent rights by Taiho, and all agreements, including licenses, transferring an interest in any asserted patent.

8.      <u>Noninfringement Contentions</u>. Unless otherwise agreed to by the parties, no later than May 12, 2023, each Defendant Group shall serve on Taiho "Noninfringement Contentions" that shall set forth any defense of noninfringement and include a claim chart that identifies each claim at issue in the case, each limitation of each claim at issue, and any and all claim limitations that are literally absent from the Abbreviated New Drug Application(s) or New Drug Application(s) accused of infringement. Each Defendant Group shall produce with the Noninfringement Contentions any document or thing that they intend to rely upon in defense of any infringement allegations by Taiho.

9.      <u>Invalidity Contentions and Preliminary Disclosure of Asserted Prior Art</u>. Unless otherwise agreed to by the parties, no later than May 12, 2023, Defendants shall serve on Taiho "Invalidity Contentions" that shall contain the following information:

a.      The identity of no more than 12 prior art references for any one patent and no more than 30 prior art references in total that Defendants allege anticipates each asserted claim or renders the claim obvious (the "Preliminary Disclosure of Asserted Prior Art"). Each prior art patent shall be identified by its number,

country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity(ies) of the person(s) or entity(ies) that made the use or made and received the offer, or the person(s) or entity(ies) that made the information known or to whom it was made known;

b.      Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c.      A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including, for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

d.      Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

10.    <u>Document Production Accompanying Invalidity Contentions</u>. With the Invalidity Contentions, Defendants shall produce or make available for inspection and copying a copy or sample of the prior art identified pursuant to paragraph 9(a) that does not appear in the file history of the asserted patent(s). To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

11.    <u>Infringement Contentions</u>. Unless otherwise agreed to by the parties, no later than June 9, 2023, Taiho shall serve on each Defendant Group "Infringement Contentions." Separately for each Defendant Group, the Infringement Contentions shall contain the following information:

(a)    Each claim of each asserted patent that Taiho alleges each Defendant Group infringes, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b)    Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each Defendant Group of which Taiho is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

(c)     A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)     For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

(e)     Whether each limitation of each asserted claim is alleged to be present in the Accused Instrumentality literally or under the doctrine of equivalents;

(f)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled; and

(g)     If Taiho wishes to preserve the right to rely, for any purpose, on the assertion that their own or their licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, Taiho shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim ("Embodying Instrumentality").

{01885307;v1 }                                          8

12.    <u>Document Production Accompanying Infringement Contentions</u>.

Taiho shall produce with the Infringement Contentions or make available for

inspection and copying:

(a)    Documents (e.g., contracts, purchase orders, invoices,

advertisements, marketing materials, offer letters, beta site testing

agreements, and third party or joint development agreements) sufficient to

evidence each discussion with, disclosure to, or other manner of providing to

a third party, or each sale of or offer to sell, or any public use of, the claimed

invention prior to the date of application for the asserted patent(s);

(b)    All documents evidencing the conception, reduction to practice,

design, and development of each claimed invention, that were created on or

before the date of application for the asserted patent(s) or the priority date(s)

identified pursuant to paragraph 11(f) of this Order, whichever is earlier; and

(c)    If Taiho identifies instrumentalities pursuant to paragraph 11(g)

of this Order, documents sufficient to show the operation of any aspects or

elements of such instrumentalities the patent claimant relies upon as

embodying any asserted claims.

Taiho shall separately identify by production number the documents that

correspond to each category set forth in this paragraph. The production of a

document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

13.     <u>Addition or Substitution of Asserted Claims or Prior Art and Amendment of Contentions</u>. The addition or substitution of asserted claims or prior art and the amendment of the Noninfringement Contentions, Invalidity Contentions, Infringement Contentions, Preliminary Disclosure of Asserted Claims, and Preliminary Disclosure of Asserted Prior Art may be made only by order of the Court upon a timely showing of good cause. A request to add an asserted claim will likely only be granted if Taiho drops a claim or claims previously asserted. A request to add an asserted prior art reference will likely only be granted if Defendants drop a prior art reference or references previously asserted. The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to add or substitute asserted claims or prior art or to amend contentions.

14.     <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 16, 2023.

15.     <u>Discovery</u>.

(a)     General.  Defendants shall reasonably coordinate (1) the taking of fact depositions of Taiho's witnesses and third parties, and (2) expert

reports and expert discovery on common claims and defenses, where such coordination is reasonable, efficient and appropriate.

(b)    <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before September 29, 2023.

(c)    <u>Document Production</u>.  Document production shall be conducted on a rolling basis and substantially completed on or before June 9, 2023.

(d)    <u>Written Discovery</u>. All written discovery (requests for production, requests for admission, and interrogatories) shall be served on or before April 10, 2023. All written discovery shall be answered on or before May 12, 2023.

(e)    <u>Requests for Admission</u>.  Defendants, collectively, may serve up to ten (10) joint requests for admission on Taiho. Additionally, each Defendant Group may individually serve up to eight (8) requests for admission on Taiho. Taiho may serve up to fifteen (15) requests for admission on each Defendant Group. These limitations do not apply to requests for admission seeking admissions as to the identification, authentication, hearsay status, and/or admissibility of documents. Notwithstanding the preceding, nothing will prevent the parties from

meeting and conferring on the authenticity of documents without the need for requests for admission.

16.   <u>Interrogatories</u>. Defendants, collectively, may serve up to five (5) joint interrogatories on Taiho. Additionally, each Defendant Group may individually serve up to three (3) interrogatories on Taiho. Taiho may serve up to five (5) joint interrogatories on Defendants. Additionally, Taiho may serve up to three (3) individual interrogatories on each Defendant Group. These limitations include contention interrogatories. Any party may exceed these limitations by agreement of the parties or with prior leave of Court.

17.   <u>Depositions</u>.

(1)   <u>Limitation on Hours for Deposition Discovery</u>.  Absent agreement of the parties to the contrary or Order of the Court, Taiho may take up to three (3) fact depositions of persons in their individual capacity per Defendant Group and seven (7) hours of 30(b)(6) deposition testimony per Defendant Group; Defendants collectively may take up to four (4) fact depositions of persons in their individual capacity as well as up to seven (7) hours of 30(b)(6) deposition testimony of Taiho; and each Defendant Group may take one (1) additional fact deposition of a person in their individual capacity. Defendants will cooperate and coordinate with each other and Taiho in an effort to provide that witnesses sought to be deposed by more

{01885307;v1 }                                    12

than one Defendant Group and/or to be deposed in both a personal and 30(b)(6) capacity need sit for a deposition only once.

(2)    <u>Depositions with an Interpreter</u>. For any deposition conducted primarily through an interpreter, 1.5 hours of time on the record will count for 1 hour of deposition time against this total allotment. For depositions conducted primarily in English, i.e., use of an interpreter is generally limited to periodic clarifications of questions or answers given in English, 1 hour of time on the record will count for 1 hour of deposition time against the total allotment, regardless of the use of an interpreter. Absent agreement of the parties to the contrary or Order of the Court, any deposition conducted primarily in English, including 30(b)(6) deposition testimony (provided that the witness is designated for a reasonable number of topics), shall not extend beyond one day consisting of a maximum of seven (7) hours on the record; the deposition of a witness conducted primarily through an interpreter shall not extend beyond two days consisting of a maximum of fourteen (14) hours on the record.

(3)    <u>Location of Depositions</u>. The parties agree that all depositions will be taken remotely, similar to the previously-taken depositions in the related litigations.

18.    <u>Pinpoint Citations</u>. Pinpoint citations are required in all briefing,

letters, and concise statements of facts. The Court will ignore any assertions of

controverted facts and controverted legal principles not supported by a pinpoint

citation to, as applicable: the record, an attachment or exhibit, and/or case law or

appropriate legal authority. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th

Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

19.    <u>Application to Court for Protective Order</u>. This case shall be governed

by the protective order entered in the previous litigation between the Parties: *Taiho*

*Pharm. Co., Ltd. v. Eugia Pharma Specialities Ltd.*, No. 19-2309-CFC (D.I. 29);

*Taiho Pharm. Co., Ltd. v. Accord Healthcare Inc.*, No. 19-2321-CFC (D.I. 29);

*Taiho Pharm. Co., Ltd. v. MSN Laboratories Private Ltd.*, No. 19-2342-CFC-JLH

(D.I. 32); and *Taiho Pharm. Co., Ltd. v. Natco Pharma Ltd.*, No. 19-2368-CFC-

JLH (D.I. 25).

20.    <u>Cross-Use of Discovery</u>. Documents and other discovery produced in

*Taiho Pharm. Co., Ltd. v. Eugia Pharma Specialities Ltd.*, No. 19-2309-CFC (D.I.

29); *Taiho Pharm. Co., Ltd. v. Accord Healthcare Inc.*, No. 19-2321-CFC (D.I.

29); *Taiho Pharm. Co., Ltd. v. MSN Laboratories Private Ltd.*, No. 19-2342-CFC-

JLH (D.I. 32); and *Taiho Pharm. Co., Ltd. v. Natco Pharma Ltd.*, No. 19-2368-

CFC-JLH (D.I. 25) are deemed produced in this case. Nothing in this Order shall

preclude any party from raising any objection to the admission or use of such discovery at trial.

21.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should counsel find that they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a)    Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties and (2) a draft order for the Court's signature that identifies with specificity the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b)    By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c)     Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 18 and 23 of this Order.

(d)     If a motion concerning a discovery matter or protective order is filed without leave of the Court and does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

22.     <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

23.     <u>Hard Copies</u>. The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 21 of this Order, all briefs, and any other documents filed in support of any such letters and briefs. This provision also applies to papers filed under seal.

(a)     <u>Exhibits and Attachments</u>. Each exhibit and attachment to a letter, brief, or pretrial order shall be separated by a tab. (Accordingly, each brief filed in connection with a motion in limine in a pretrial order must be separated by a tab.) Each exhibit and attachment shall have page numbers of

some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

      (b)   <u>Colors of Front Covers</u>. The covers of briefs filed in connection with all motions except for motions *in limine* included in a pretrial order shall be as follows:

          i.     Opening brief – Blue

          ii.    Answering brief – Red

          iii.   Reply brief - Gray

24.   <u>Claim Construction</u>. The parties have not identified a need for claim construction at this point, and propose that if necessary, claim construction be addressed at trial and in post-trial briefing.

25.   <u>Narrowing of Asserted Prior Art and Claims</u>. Unless otherwise agreed to by the parties, no later than October 5, 2023, Defendants shall serve on Taiho a "Final Election of Asserted Prior Art" that reduces the number of prior art

references that Defendants allege anticipates each asserted claim or renders the claim obvious. Defendants shall identify in the Final Election of Asserted Prior Art no more than six prior art references for any one patent from among the 12 prior art references identified for that patent in the Preliminary Disclosure of Asserted Prior Art and shall identify no more than a total of 20 references from among the references identified in the Preliminary Disclosure of Asserted Prior Art. No later than October 12, 2023, Taiho shall serve on each Defendant Group a "Final Election of Asserted Claims" that shall identify for any one patent no more than five asserted claims from among the 10 claims identified for that patent in the Preliminary Disclosure of Asserted Claims and shall identify no more than a total of 16 claims from among the claims identified in the Preliminary Disclosure of Asserted Claims.

26.   <u>Disclosure of Expert Testimony</u>.

(a)   <u>Expert Reports</u>.  For the party with the initial burden of proof on the subject matter, such subject matter does not include objective indicia of nonobviousness, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 30, 2023.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including any evidence from Taiho regarding objective indicia of nonobviousness, is due on or before November 30, 2023.  Reply expert

reports from the party with the initial burden of proof, and Defendants'
expert reports on objective indicia of nonobviousness, are due on or before
December 22, 2023.  No other expert reports will be permitted without either
the consent of all parties or leave of the Court.  On the date reply expert
reports are due, the parties shall provide the dates and times of their experts'
availability for deposition.  Depositions of experts shall be completed on or
before February 29, 2024.

      (b)   <u>Objections to Expert Testimony</u>.  To the extent any objection to
expert testimony is made pursuant to the principles announced in *Daubert v.
Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in
Federal Rule of Evidence 702, it shall be made by motion no later than
March 21, 2024.

27.   <u>Case Dispositive Motions</u>. The Court will not entertain summary
judgment motions.

28.   *Daubert Motions*. A party that files more than one *Daubert* motion
shall number each motion to make clear the order in which the party wishes the
Court to consider the motions in question. The first motion the party wishes the
Court to consider shall be designated #1, the second motion shall be designated #2,
and so on. The Court will review the party's *Daubert* motions in the order
designated by the party. If the Court decides to deny a motion filed by the party,

barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any further *Daubert* motions filed by the party. If the Court denies a *Daubert* motion and the party that brought the motion does not cross examine the expert witness at trial about the matters raised in the *Daubert* motion, the Court will reduce by an appropriate amount the time allotted to that party at trial.

29.     <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

30.     <u>Pretrial Conference</u>.

On    ~~the~~ *TBD*    , the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at _____ _.m.

<u>PLAINTIFFS' PROPOSAL.</u> The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on _____ [21 days before the final pretrial conference].

<u>DEFENDANTS' PROPOSAL</u>: The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on March 30, 2024.

Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint

final pretrial order. The joint pretrial order shall comply with paragraphs 18 and 23 of this Order.

31.   <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 18 and 23 of this Order.

32.   <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once

by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 23 of this Order.

33.     Trial.  This matter is scheduled for a _____-day bench trial beginning at 8:30 a.m. on _____TBD_____ with the subsequent trial days beginning at 8:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. The Court will limit the number of claims and prior art references asserted at trial. Absent a showing of good cause, no claim may be asserted at trial that was not identified in the Final Election of Asserted Claims, and no prior art reference may be asserted at trial that was not identified in the Final Election of Asserted Prior Art.

34.     Requests to Modify the Limits on Asserted Claims and Prior Art References.  Any request to increase the limits on asserted claims and prior art references imposed by this Order must demonstrate with specificity why the inclusion of additional asserted claims or prior art references is warranted. *See In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1312(Fed. Cir. 2011).

The Honorable Colm F. Connolly
United States District Court Judge

23

## EXHIBIT A

| Event | Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | Within 5 days of the date of this Order |
| Completing the Pleadings Phase: response to complaint from Accord in C.A. No. 21-0838-CFC and response to complaint from MSN in C.A. No. 23-0008-CFC | March 15, 2023 |
| Preliminary Disclosure of Asserted Claims | April 10, 2023 |
| Deadline to Serve Written Discovery | April 10, 2023 |
| Deadline to Answer Written Discovery | May 12, 2023 |
| Noninfringement Contentions and Invalidity Contentions (and Accompanying Document Production) | May 12, 2023 |
| Infringement Contentions (and Accompanying Document Production) | June 9, 2023 |
| Substantial Completion of Document Production | Rolling production and substantially completed by June 9, 2023 |
| Joinder of Other Parties and Amendment of Pleadings | June 16, 2023 |
| Final Election of Asserted Prior Art | October 5, 2023 |
| Election of Asserted Claims | October 12, 2023 |
| Close of Fact Discovery | September 29, 2023 |
| Opening Expert Reports | October 30, 2023 |
| Responsive Expert Reports | November 30, 2023 |
| Reply Expert Reports | December 22, 2023 |
| Close of Expert Discovery | February 29, 2024 |
| Daubert Motions | March 21, 2024 |
| File Joint Proposed Final Pretrial Order and Motions in Limine | PLAINTIFFS' PROPOSAL: 5:00 p.m. on ———— [21 days before Pretrial Conference] DEFENDANTS' PROPOSAL: |

|  | ~~5:00 p.m. on March 30, 2024~~ |
|---|---|
| Pretrial Conference | beginning at ____ __m.  *TBD* |
| Trial | ~~beginning~~ at ~~8:30 a.m.~~  *TBD* |