**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TAIHO PHARMACEUTICAL CO. LTD. and TAIHO ONCOLOGY, INC.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ACCORD HEALTHCARE INC., *et al.*,<br><br>　　　　　　　Defendants. | C.A. No. 21-838-JLH<br>**CONSOLIDATED ANDA CASE**<br><br> |

**[PROPOSED] FINAL PRETRIAL ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this matter comes before the Court at a final pretrial conference to be held on March 18, 2026. The parties are Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc. (collectively "Taiho" or "Plaintiffs"), and Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. (collectively, "MSN" or "Defendants"). Pursuant to D. Del. LR 16.3, the Parties hereby submit for the Court's approval this proposed Final Pretrial Order governing the bench trial of Consolidated Civil Action Nos. 1:21-838-JLH, 1:19-cv-02342-CFC-JLH, 1:22-cv-01480-CFC, 1:22-cv-01611-CFC, and 1:23-cv-00008 (collectively, the "Consolidated Cases") which is scheduled to begin on March 30, 2026.

This order shall control the subsequent course of action, unless modified by the Court to prevent manifest injustice.

**TABLE OF CONTENTS**

I.      NATURE OF THE ACTION ................................................................................ 1

    A.      ASSERTED PATENTS & CLAIMS AT ISSUE ...................................... 2

    B.      CLAIM CONSTRUCTION.................................................................... 2

II.     UNCONTESTED FACTS .................................................................................. 3

III.    CONTESTED FACTS........................................................................................ 3

IV.     ISSUES OF LAW .............................................................................................. 3

V.      ORDER OF PRESENTATION AT TRIAL ...................................................... 3

VI.     EXHIBITS ......................................................................................................... 4

    A.      TRIAL EXHIBITS................................................................................. 4

    B.      DEMONSTRATIVE EXHIBITS ........................................................... 6

VII.    WITNESSES...................................................................................................... 8

    A.      LIST OF WITNESSES THE PARTIES EXPECT TO CALL ............................... 8

    B.      TRANSLATION DURING TRIAL ....................................................... 9

    C.      TESTIMONY BY DEPOSITION .......................................................... 9

VIII.   PLAINTIFFS' STATEMENTS OF CLAIMS.................................................... 10

IX.     DEFENDANTS' STATEMENT OF DEFENSES .......................................... 11

X.      JURISDICTION .............................................................................................. 12

XI.     AMENDMENT OF THE PLEADINGS .......................................................... 12

XII.    SETTLEMENT................................................................................................. 12

XIII.   MOTIONS IN LIMINE ................................................................................... 12

XIV.    MOTIONS FOR JUDGMENT AS A MATTER OF LAW ............................. 12

XV.     DISCOVERY................................................................................................... 13

XVI.    NON-JURY TRIAL......................................................................................... 13

XVII.   POST-TRIAL BRIEFING ............................................................................... 13

**XVIII.** ADDITIONAL MATTERS ................................................................................................. 13

## INDEX OF EXHIBITS

**JOINT STATEMENT OF UNCONTESTED FACTS**
Joint                 Exhibit 1

**STATEMENT OF ISSUES OF FACT TO BE LITIGATED AT TRIAL**
Plaintiffs            Exhibit 2
Defendants            Exhibit 3

**STATEMENT OF ISSUES OF LAW TO BE LITIGATED AT TRIAL**
Plaintiffs            Exhibit 4
Defendants            Exhibit 5

**WITNESSES**
Plaintiffs            Exhibit 6
Defendants            Exhibit 7

**DEPOSITION DESIGNATIONS**
Plaintiffs            Exhibit 8 (Intentionally Omitted)
Defendants            Exhibit 9

**EXHIBIT LISTS**
Plaintiffs            Exhibit 10
Defendants            Exhibit 11

**JOINT TRIAL EXHIBIT LIST**
Joint                 Exhibit 12

**EXPERT CVS**
Plaintiffs            Exhibit 13
Defendants            Exhibit 14

## I.    NATURE OF THE ACTION[1]

1.    Taiho commenced this action asserting infringement claims pursuant to the Hatch-Waxman Act, 35 U.S.C. § 271(e).  Taiho filed an amended complaint against MSN asserting patent infringement of U.S. Patent No. 10,456,399 (the "'399 Patent") on March 16, 2020.  *See generally,* 1:19-cv-02342, D.I. 18.  Taiho also filed a complaint against MSN asserting patent infringement of U.S. Patent No. 10,960,004 (the "'004 Patent") on January 3, 2023.  *See generally,* 1:23-cv-00008, D.I. 1.  Together, the '399 Patent and the '004 Patent will be referred to as the "Asserted Patents."

2.    The Asserted Patents are both titled "Method for Treating Cancer Patients with Severe Renal Impairment" and both list one inventor, Kenichiro Yoshida.[2]  The '004 Patent is a continuation of the '399 Patent.

3.    MSN is a private limited company registered under the ROC of Indian Law.  *See,* 1:23-cv-00838, D.I. 32 at 2.  During or around January 2020, MSN submitted Abbreviated New Drug Application No. 214024 ("MSN's ANDA") to the U.S. Food and Drug Administration for a generic version of Taiho's LONSURF® drug ("MSN's ANDA Product").  *See, e.g.*, 1:23-cv-00838, D.I. 99 at 1-2; *see also*, MSNTIP 010646 at -0646. MSN's ANDA contained a Paragraph IV certification with respect to the Asserted Patents.  *See, e.g.*, 1:23-cv-00838, D.I. 99 at 1-2. Taiho thus filed this case to assert infringement of the Asserted Patents under 35 U.S.C. § 271(e).

---

[1] Several of the Consolidated Cases no longer apply to the present case. The cases involving the initial defendants in 1:21-cv-00838 (Accord Healthcare Inc.), 1:22-cv-01480 (Natco Pharma Ltd. and Natco Pharma, Inc.), and 1:22-cv-01611 (Eugia Pharma Specialties Ltd., Aurobindo Pharma Ltd., and AurobindoPharma USA, Inc.) were dismissed without prejudice between April 2, 2024 and April 11, 2024. *See, generally*, 1:21-cv-00838, D.I. 116, 118, and 120.  The initial defendants in 1:23-cv-00008 and 1:19-cv-02342 were MSN.

[2] Dr. Yoshida has since changed his name to Kenichiro Akaike.  He may be referred to by either name throughout this matter.

4.      In MSN's answers, MSN denied infringement and asserted counterclaims of non-infringement and invalidity of the '399 Patent and the '004 Patent.  *See*, 1:19-cv-02342, D.I. at 65-67 and 1:21-cv-00838, D.I. 32 at 28-31, respectively.  The parties stipulated on December 7, 2023 that the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of MSN's ANDA Product prior to the expiration of the Asserted Patents would infringe the Asserted Claims (defined in paragraph 5, below) and that making, offering to sell, selling, or importing MSN's ANDA Products prior to the expiration of the Asserted Patents would actively induce or contribute to infringement of the Asserted Claims.  *See,* 1:21-cv-00838, D.I. 96.  The Court entered an associated Order on December 14, 2023.  *See*, 1:21-cv-00838, D.I. 99.

**A.      Asserted Patents & Claims at Issue**

5.      All that remains to be litigated is the validity of the asserted claims of the Asserted Patents.  Taiho currently asserts Claim 10 of the '399 Patent and Claims 1-4, 7, 17-18, 20, 24, and 28 of the '004 Patent (collectively, the "Asserted Claims").  MSN asserts that all Asserted Claims are invalid under 35 U.S.C. §§ 102(a) (Anticipation), 103 (Obviousness), and/or 112 (Written Description).

**B.      Claim Construction**

6.      In February 2023, the Parties did not identify a need for *Markman* hearing as of February 2023.  *See*, 1:21-cv-00838-CFC (Scheduling Order dated February 28, 2023), D.I. 27 at 17.  Instead, claim construction would be addressed at trial and in post-trial briefing if necessary.  *Id*.  No claim construction disputes have been identified.

2

## II.    UNCONTESTED FACTS

7.    A joint statement of uncontested facts is attached as **Exhibit 1**. These facts are not disputed or have been agreed to or stipulated to by the Parties. These facts require no proof at trial and upon entry of this Pretrial Order, become part of the evidentiary record in this case.

## III.    CONTESTED FACTS

8.    Taiho's statement of issues of fact to be litigated, with a brief statement of what Taiho intends to prove, is attached as **Exhibit 2**.

9.    MSN's statement of issues of fact to be litigated, with a brief statement of what Taiho intends to prove, is attached as **Exhibit 3**.

10.    If this Court determines that any issue identified in a party's statement of contested issues of fact to be litigated is more properly considered an issue of law, it should be so considered.

## IV.    ISSUES OF LAW

11.    Taiho's statement of issues of law to be litigated is attached as **Exhibit 4**.

12.    MSN's statement of issues of law to be litigated is attached as **Exhibit 5**.

13.    If this Court determines that any issue identified in a party's statement of issues of law to be litigated is more properly considered an issue of fact, it should be so considered.

## V.    ORDER OF PRESENTATION AT TRIAL

14.    The trial shall proceed in the following manner:

    a)  MSN's Opening Statement;

    b)  Taiho's Opening Statement;

    c)  MSN's case-in-chief on invalidity; and

    d)  Taiho's rebuttal case on validity and objective indicia of non-obviousness (secondary considerations);

3

e) MSN's rebuttal case on objective indicia of non-obviousness (secondary considerations).

15.     The Parties request that the Court schedule and hold a separate hearing for Closing Arguments after the final post-trial briefing is submitted.

## VI.     EXHIBITS

### A.     Trial Exhibits

16.     The Parties have agreed to the use of three separate lists of trial exhibits: one agreed joint list of trial exhibits, one list of trial exhibits for Taiho, and one list of trial exhibits for MSN.[3]

17.     The Parties' joint list of trial exhibits is attached as **Exhibit 12**, identified with JTX prefixes.

18.     Taiho's list of trial exhibits that it may offer at trial, except for demonstrative exhibits and exhibits to be used solely for impeachment, and MSN's objections thereto is attached as **Exhibit 10**.  Taiho's trial exhibits are identified with PTX prefixes.

19.     MSN's list of trial exhibits that it may offer at trial, except for demonstrative exhibits and exhibits to be used solely for impeachment, and Taiho's objections thereto is attached as **Exhibit 11**.  MSN's trial exhibits are identified with DTX prefixes.

20.     The key to the objection abbreviations is appended to each exhibit list for the Court's convenience.

21.     Subject to the provisions herein, this Final Pretrial Order contains all exhibits to be used by each party at trial, as well as all objections to the admission of such exhibits that are known

---

[3] The Parties agree that Rule 1006 exhibits need not be included on a party's pre-trial exhibit list and will be disclosed with sufficient and reasonable notice for review and/or objection, provided that any exhibits from which a Rule 1006 exhibit is derived must have been disclosed on the parties' exhibit lists (including any supplements thereto).  The Parties will include any such Rule 1006 exhibits on the final exhibit list provided to the Court after trial.

4

at this time.  The Parties reserve the right to supplement these exhibit lists, with sufficient and reasonable notice to the other side.  The Parties agree that if either Party removes or otherwise withdraws an exhibit from its exhibit list, the other Party may amend its exhibit list to include that same exhibit and the other Party may raise any applicable objection thereto except for untimely listing.

22.      Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted, may be used equally by each party, subject to the Federal Rules of Evidence. The Parties agree that the listing of an exhibit by a party does not waive any objections that such party may have to the use of the same exhibit by another party.

23.      Exhibits to be used solely for impeachment or rebuttal need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.

24.      Prior to trial, the Parties agree to provide electronic copies of any non-demonstrative exhibit on their exhibit list that is not already in the possession of the opposing party.

25.      Electronic Copies of Trial Exhibits.  No later than the Friday before the first day of trial, the Parties agree to provide the Court with electronic versions of all trial exhibits on the exhibit list in a single folder.  The trial exhibits should be named with their exhibit numbers (i.e., JTX, PTX, or DTX) and organized in ascending numerical order.

26.      Paper Copies of Trial Exhibits.  The Parties agree to provide one copy of any exhibit binder to be used with a witness on direct or cross-examination to counsel for the other side. Additionally, at the beginning of each trial day, the Parties agree to provide to the Court two

additional copies of any witness binders containing the exhibits and demonstratives (if any) to be used on direct examination and cross-examination of any witnesses expected to be called that day.

27.    No exhibit will be admitted unless offered into evidence through a witness, or through designated deposition testimony.

28.    Exhibits not objected to that are used with a witness at trial will be received into evidence by the operation of this Final Pretrial Order without the need for additional foundation testimony.

29.    The Parties stipulate to the authenticity of all exhibits, except where specifically indicated as an objection to a specific exhibit.

### B.    Demonstrative Exhibits

30.    Taiho's demonstratives will be identified with PDX numbers.

31.    MSN's demonstratives will be identified with DDX numbers.

32.    Exhibits and Demonstratives to Be Used During Opening Statements.    The Parties shall identify all exhibits and exchange copies of any demonstrative exhibits to be used in Opening Statements by 3:00 pm on March 29, 2026.    Any objections to demonstrative exhibits shall be made through email by 6:00 pm on March 29, 2026.    The Parties shall meet and confer as necessary by 7:00 pm on March 29, 2026, and if, despite good faith efforts, the Parties fail to resolve the dispute, the objecting party shall bring its objections to the Court's attention at jlh_civil@ded.uscourts.gov prior to 7:00 am on the first day of trial.

33.    Exhibits and Demonstratives to Be Used During Direct Examination of Witnesses. On the first day of trial (March 30, 2026), MSN will call its only witness, Dr. Dreicer.  On the morning of March 29, 2026 (no later than 9:00am), Taiho will identify the witness it intends to call after Dr. Dreicer is finished with his testimony.  All other Taiho witnesses will be called thereafter as the trial continues.    Any exhibits, including demonstrative exhibits, that a party

6

intends to use in its direct examination of its witness shall be provided through email to the opposing side by 6:00 pm on the calendar day before the witness is expected to be called to testify.   Any objections to the demonstrative exhibits shall be made through email by 7:00pm on the calendar day before the witness is expected to testify.   The Parties shall meet and confer as necessary by 8:00pm on the calendar day before the witness is expected to testify and if, despite good faith efforts, the Parties fail to resolve the dispute, the objecting party shall bring its objections to the Court's attention at jlh_civil@ded.uscourts.gov prior to 7:00 am of the day that witness is scheduled to testify in Court.

34.    The notice provisions regarding demonstrative exhibits shall not apply to demonstratives created in the courtroom during testimony, demonstratives to be used for cross examination or rebuttal, or the enlargement, simple highlighting, ballooning, or excerption of trial exhibits identified on the list of exhibits to be used during direct examination of a witness or testimony.  These materials are not required to be provided to the other party in advance of their use.

35.    The Parties agree that demonstrative exhibits used with a witness may be submitted to the Court for use solely as an aid to the Court when reviewing the trial testimony provided by the sponsoring witness.

36.    The Parties agree that expert reports may be introduced at trial solely for purposes of identifying the subject matter contained therein and/or for impeachment.  Expert reports may not be introduced at trial as evidence itself or in lieu of expert testimony.

37.    It is agreed that any party or non-party whose information is subject to the Protective Order entered in this action may request sealing of the courtroom and that testimony or an exhibit be placed under seal and handled in accordance with the Protective Order and that in-

7

house counsel for the Parties may have access to any sealing of the courtroom and/or testimony consistent with the provisions of the Protective Order.

38.    The party or non-party whose confidential information is at issue shall bring the issue to the Court's attention no later than 7:00 am on the morning of the trial day that such party or non-party anticipates that such confidential information will be disclosed.  The party or non-party making the sealing request will ensure that any such closing of the courtroom, if permitted by the Court, be arranged in a way that is least disruptive to the Parties' presentations.  Any party seeking to seal the courtroom will need to support the request under prevailing Third Circuit law.

## VII.    WITNESSES

### A.    List of Witnesses the Parties Expect to Call

39.    In **Exhibit 6**, attached hereto, Taiho identifies the witnesses it intends to call to testify and whether the witnesses will testify in person or by deposition.  The *curriculum vitae* of every expert expected to testify for Taiho at the time of trial is attached to this Final Pretrial Order as **Exhibit 13.**

40.    In **Exhibit 7**, attached hereto, MSN identifies the witnesses it intends to call to testify and whether the witnesses will testify in person or by deposition.  The *curriculum vitae* of every expert expected to testify for MSN at the time of trial is attached to this Final Pretrial Order as **Exhibit 14.**

41.    Any witness not listed in **Exhibits 6–7** will be precluded from testifying.

42.    The parties agree that absent good cause, each fact witness will only testify once during the course of the trial. Fact witnesses will be sequestered until their testimony is complete.

43.    Once examination has begun, there should be no discussion and/or consultation with a witness regarding the substance of his/her testimony until the examination is concluded by

8

all parties, except, however, when a witness is called for a second time is a separate part of the case to testify on different issues.

### B. Translation During Trial

44.    Taiho's fact witness (Dr. Kenichiro Akaike) is a native Japanese speaker.  Although Dr. Akaike has some familiarity with the English language, he will nevertheless require translation during trial between English and Japanese.  Taiho will provide a certified translator to attend trial during Dr. Akaike's testimony.  MSN shall be permitted to have a check translator in attendance.

### C. Testimony by Deposition

45.    Taiho does not intend to call any witnesses by deposition.

46.    MSN intends to call the following witnesses by designation portions of their testimony as set forth in **Exhibit 9** (which also contains Taiho's objections and any counter-designations):

a.    Dr. Fabio Benedetti;

b.    Dr. Robert Winkler; and

c.    Ms. Christine Guertin.

47.    Should a fact witness identified as testifying live at trial become unavailable, the Parties shall meet and confer on a mutually acceptable exchange of deposition designations and counter-designations to be submitted to the Court in lieu of live testimony.

48.    Designated deposition testimony shall be provided via physical copy to the Court for the record by the party proffering the evidence (along with any counter-designations and counter-counter designations).  All admissible deposition designations, counter-designations, and counter-counter designations for that witness will be introduced in the sequence in which the testimony was originally given. The parties shall meet and confer on a mutually acceptable exchange of final deposition designations and counter-designations to be submitted to the Court.

9

The parties will endeavor to resolve any outstanding objections, and will raise with the Court any remaining objections, prior to submitting the physical copy for the record.

49.     The foregoing provisions do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness.  Subject to the Federal Rules of Evidence, any deposition testimony may be used at trial for the purpose of cross-examination and impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VIII.   PLAINTIFFS' STATEMENTS OF CLAIMS

50.     Taiho intends to show that MSN cannot meet its burden and has failed to prove by clear and convincing evidence that any Asserted Claim of the Asserted Patents is invalid.

51.     Based on the evidence Taiho intends to present, Taiho seeks each of the following:

a.     A judgment against MSN on its request to declare the Asserted Claims of the Asserted Patents invalid.

b.     An injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), against MSN, together with its affiliates and subsidiaries, and all officers, agents, servants, employees, and attorneys, and all persons and entities in active concert or participation or privity with any of them, and their successors and assigns, from engaging in the commercial manufacture, use, or sale within the United States of MSN's ANDA Product or the active pharmaceutical ingredients thereof, from offering to sell MSN's ANDA Products or the active pharmaceutical ingredients thereof within the United States, or from importing MSN's ANDA Products or the active pharmaceutical ingredient

10

thereof into the United States before the expiration of the Asserted Patents on February 3, 2037.[4]

c.   An order to the FDA, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of MSN's ANDA shall be a date which is not earlier than February 3, 2037.

d.   An order, pursuant to 21 CFR § 314.107(e), that MSN notify the FDA in writing that the Asserted Claims are valid and that MSN's ANDA Product infringes the Asserted Claims.

## IX.   DEFENDANTS' STATEMENT OF DEFENSES

52.   MSN intends to establish at trial, by clear and convincing evidence, that the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

53.   Based on the evidence MSN intends to present, MSN seeks each of the following:

a.   A judgment in favor of MSN declaring that the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112;

b.   An Order dismissing, with prejudice, all claims of the Asserted Patents that Taiho asserted during discovery in this case but were not asserted at trial; and

c.   An Order striking the requests for relief sought by Taiho in this pleading, but not sought in Taiho's Complaint against MSN.

---

[4] MSN objects to the portion of this request that pertains to its active ingredients. Taiho has not requested such relief in any pleading to date, and MSN does not consent to an amendment stating such relief now. Such a claim is futile in any event, as MSN has not sought, nor has it received, approval to sell only the active ingredients within its ANDA Products in the United States.

11

## X.   JURISDICTION

54.   This is a case asserting patent infringement under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271(e) and the Hatch-Waxman Amendment to the Federal Food, Drug, and Cosmetic Act, *see* 21 U.S.C. § 355(j).  This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. For purposes of this action only, no party has contested personal jurisdiction or venue.

## XI.   AMENDMENT OF THE PLEADINGS

55.   The Parties do not seek to amend the pleadings, and the deadline for parties to amend the pleadings has passed. *See*, 1:21-cv-00838, D.I. 27 at 10.

## XII.   SETTLEMENT

56.   The Parties hereto certify that they have discussed possible settlement, but at this time no settlement has been reached.  Thus, the Parties intend to proceed to trial.

## XIII.   MOTIONS IN LIMINE

57.   The Parties have discussed possible motions *in limine*, but neither Party brings forth such a motion in this Final Pretrial Order.  Each Party reserves its rights to object to the admissibility of evidence in due course at trial, and no Party will use the failure of the other Parties to file a motion *in limine* as a supporting factor favoring waiver of objections to the admissibility of any evidence.

## XIV.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW

58.   The Parties will address the procedure for motions pursuant to Fed. R. Civ. P. 52(c) with the Court at the Pretrial Conference.

59.   The Parties reserve the right to move for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c).  The Parties agree that either Party making a motion pursuant to Fed. R. Civ. P. 52(c) will advise the Court of its motion promptly and in accordance with that rule.  If the Court

requests more extensive argument on the motion, such argument will be taken up at the Court's first convenience.  The Parties will only supplement the motion in writing upon request by the Court.

## XV.   DISCOVERY

60.     Discovery is complete.

## XVI.   NON-JURY TRIAL

61.     This is a non-jury trial in which the parties expect to complete all examination and cross-examination within 4 days.

## XVII.   POST-TRIAL BRIEFING

62.     The Parties propose to discuss timing and page limitations for post-trial briefing with the Court at the Pretrial Conference.

## XVIII.   ADDITIONAL MATTERS

63.     The Parties expressly reserve the right to further modify, supplement, and/or amend the Final Pretrial Order and attachments in light of issues that remain open until entry of the Final Pretrial Order.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the above-captioned action, unless modified by the Court to prevent manifest injustice.

MCDERMOTT WILL & SCHULTE LLP

/s/ Ethan H. Townsend
Ethan H. Townsend (#5813)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
(302) 485-3911
ehtownsend@mcdermottlaw.com

*Attorneys for Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc.*

Dated: March 11, 2026

SMITH, KATZENSTEIN & JENKINS LLP

/s/ Daniel A. Taylor
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc.*

**SO ORDERED** on this _____ day of _____, 2026.

_____
United States District Judge

14